UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRETT PETERSON,  
    Petitioner,

vs

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:14-cv-604

Dlott, J.
Bowman, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Pickaway Correctional Institution (PCI) in Orient, Ohio when this action commenced, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's unopposed motion filed on October 17, 2014 requesting that the petition be dismissed "for lack of exhaustion" or, alternatively, because the petitioner's grounds for relief "are not cognizable." (Doc. 9).[1]

**I. PROCEDURAL BACKGROUND**

In October 2011, the Warren County, Ohio, grand jury returned an indictment charging petitioner with one count of selling dangerous drugs in violation of Ohio Rev. Code § 4729.51(C)(1); two counts of possession of drugs in violation of Ohio Rev. Code § 2925.11(A); and one count of engaging in a pattern of corrupt activity in violation of Ohio Rev. Code § 2923.32(A)(1). (*See* Doc. 8, Ex. 1).

On February 14, 2012, petitioner entered a guilty plea to one of the drug possession counts, which carried a maximum penalty of an 18-month prison term, in exchange for the

---

[1] It is noted that respondent has also filed the record of the underlying state court proceedings that resulted in petitioner's imprisonment in Ohio. (Doc. 8).

dismissal of the other three charges.  (*See id.*, Ex. 2).  Following a sentencing hearing, the trial court issued the final judgment entry on March 21, 2012, sentencing petitioner to a 3-year term of "community control" under the supervision of the Warren County Adult Probation Department.  (*Id.*, Ex. 3).  The entry provided in pertinent part that a "[v]iolation of this sentence" may result in the imposition of a "prison term of 12 months" and that, upon expiration of his sentence, petitioner could be subject to an optional term of "up to 3 years" in post-release control under the supervision of the Ohio Adult Parole Authority (OAPA).  (*Id.*, at PAGEID#: 33).  A document signed by petitioner, which listed the "rules and conditions" of his community control term, was also attached to the sentencing entry.  (*Id.*, at PAGEID#: 34-35).

Respondent states that petitioner did not pursue an appeal from his conviction or sentence in the state courts.  (Doc. 9, p. 2, at PAGEID#: 55).

Over a year and one-half later, on November 22, 2013, a "Report Of Community Control Violation" signed by petitioner's Warren County Probation Officer and the Chief of Probation was filed with the trial court.  (Doc. 8, Ex. 4).  The report charged that petitioner had violated the following conditions of his community control:

1. Violation of Community Control Rule #1:  "I will obey federal, state, and local laws and ordinances, and all rules and regulations of the Warren County Common Pleas Court."
   **TO WIT:**  On January 31, 2013, the Defendant was arrested on new charges of Possession of []a Controlled Substance through Campbell County, Kentucky Circuit Court.

2. Violation of Community Control Rule #3:  "I will not leave the State without written permission of my Probation Officer."
   **TO WIT:**  The Defendant left the state of Ohio without obtaining prior written permission.

3. Violation of Community Control Rule #7:  "I will not purchase, possess, use, or have under my control any narcotic drug or other controlled substance or illegal drugs or mood altering substances or intoxicants (i.e. K2, Spice, Bath Salts, Duster, etc.); including any instrument, device or other object used to

> administer drugs or to prepare them for administration, unless it is lawfully prescribed for me by a licensed physician. I agree to inform my Probation Officer promptly of any such prescription. If a prescription is lawfully prescribed for me, I agree to take the medication as prescribed. I agree not to consume alcohol and not enter into bars and/or taverns. I will not possess, consume or use any substance, device or item designed or advertised to interfere with the results of a valid drug screen to include dilution. I agree to submit to drug testing at my own expense, as directed by my Probation Officer. This might include daily call-ins for testing instructions."
> **TO WIT:** According to the police report the Defendant admitted to the arresting officer[]s he had used and intended to use more heroin.

(*Id.*).

It appears from the record that a hearing was held on the community control violation charges on November 26, 2013. (*See id.*, Ex. 5). Petitioner, who was represented by counsel at the hearing, entered a guilty plea to the three violation charges. (*See id.*). In an entry filed November 27, 2013, the trial court revoked petitioner's community control sentence and sentenced petitioner to a mandatory 12-month prison term with 16 days of credit for time served. (*Id.*, at PAGEID#: 41). Petitioner was also notified that upon his release from prison, he could be subject to an optional term of "up to 3 years" in post-release control under the OAPA's supervision. (*Id.*).

Respondent states that petitioner did not pursue an appeal from the community control revocation decision in the state courts. (Doc. 9, p. 3, at PAGEID#: 56). Instead, on November 27, 2013, petitioner's counsel filed a motion on petitioner's behalf requesting reconsideration of the one-year prison sentence imposed for the community control violations. (*See* Doc. 8, Ex. 6). Although no ruling on the motion for reconsideration is reflected on the trial court's docket record (*see id.*, Ex. 7), it is presumed that the motion was denied. *See State v. Olah*, 767 N.E.2d 755, 760 n.2 (Ohio Ct. App. 2001) (and Ohio cases cited therein) (applying the presumption to an outstanding motion in a criminal case that "[w]hen a trial court fails to rule on a motion, the

3

motion will be considered denied"); *State v. Crawford*, No. 25506, 2013 WL 5532183, at *2 (Ohio Ct. App. Oct. 4, 2013) (same); *see also Edwards v. Warden, Ross Corr. Inst.*, No. 1:08cv850, 2009 WL 6600255, at *5 (S.D. Ohio Dec. 17, 2009) (Hogan, M.J.) (Report & Recommendation) (applying the presumption set forth in *Olah* in rejecting the contention that the one-year statute of limitations governing federal habeas petitions was "indefinitely toll[ed]" by a state post-conviction petition that was never ruled on by the trial court), *adopted*, 2010 WL 2519659 (S.D. Ohio June 17, 2000) (Spiegel, J.).

### Federal Habeas Corpus Petition

Petitioner initiated the instant federal habeas corpus action in July 2014, approximately eight months after he was sentenced to the 12-month prison term. (*See* Doc. 1). The handwritten petition that petitioner has submitted is vague, and it is difficult to decipher exactly what the substance of his claims are. As quoted from the petition, petitioner has alleged the following in the section of the form application where the grounds for habeas relief are to be set forth; although the allegations are often written in the margins of the application, it appears that petitioner is asserting four grounds for relief:[2]

> **Ground One:** The State of Ohio, State of Kentucky have prejudiced my [e]ligibility to participate in release . . . all of which violates rights afforded by U.S.C.A. Const. Amend. 14 Due Process Clause rights & Equal Protection Clause rights.
>
> **Supporting Facts:** Circumstances exist that (were/where) are denying the Peti[ti]oner review.
>
> **Ground Two:** Being denied access to the courts rights that must be 'adequate' and 'effective.'
>
> **Supporting Facts:** No inmate will perfect an appeal, writ of mandamus for me who is learned, initiated. See Ohio Procedurally Defaulted Claims for '2013 &

---

[2] It is further noted that in the petition, petitioner refers numerous times to a "Memorandum Of Law" as support for his claims for federal habeas relief. (*See* Doc. 1, at PAGEID#: 5-11). However, no "Memorandum of Law" was attached to the petition or otherwise submitted by petitioner for inclusion in the record before this Court.

4

2014.'

**Ground Three:** No access to the courts, rights that are 'meaningful, adequate and effective,' which denial has/is resulted in prejudice by me not being able to seek a full and fair hearing.

**Supporting Facts:** None are provided. However, petitioner has stated in the petition that he has not exhausted his state remedies with respect to the claim alleged in Ground Three because "there are no law clerks" in the prison to assist him and he is told "to just grab a form" and "good luck." Petitioner also states that "'meaningful access' requires more than just a law library and four law clerks that have little to no training."

**Ground Four:** Circumstances exist that render such process ineffective to give the Petitioner a full and fair proceeding.

**Supporting Facts:** None are provided. However, at a later point in the petition, petitioner states that he has been prejudiced in his eligibility to participate in release "[d]ue to the dangerous overcrowding" and generally asserts that he has been denied access to the courts, "programs Level (#) status, and release."

(*Id.*, at PAGEID#: 5-13).

Respondent has responded to the petition by filing a motion to dismiss. (Doc. 9). Respondent contends that the petition should be dismissed because petitioner's claims are unexhausted and, alternatively, do not constitute cognizable grounds for federal habeas relief. (*See id.*). Petitioner has not opposed the motion to dismiss.[3]

## II.  RESPONDENT'S MOTION TO DISMISS (DOC. 9) SHOULD BE GRANTED

As discussed above, the grounds for relief that petitioner has asserted in his habeas corpus petition are so vague that it is difficult to ascertain exactly what petitioner is seeking to challenge in this action. Ground One of the petition arguably can be construed as an attack on the criminal charges brought against petitioner in Kentucky, the revocation of petitioner's

---

[3] Given that petitioner's one-year prison term was due to expire soon after the respondent filed the motion to dismiss in October 2014, it is likely that petitioner is no longer incarcerated at PCI and may have even abandoned the instant cause of action upon his release from prison. However, because petitioner has not sought to withdraw his petition and there is no evidence in the record regarding his present custody status, the undersigned will assume that petitioner is continuing to prosecute this matter.

community control and the imposition of a 12-month prison sentence in November 2013 in the Warren County criminal case, and/or the failure of Kentucky and Ohio parole authorities to consider petitioner's eligibility for parole release. Grounds Two through Four of the petition arguably can be construed as raising claims challenging the conditions of petitioner's confinement at PCI, including the lack of adequate legal resources or law clerks in the prison to assist petitioner in appealing and seeking other relief from his state convictions and sentences or in obtaining review by parole authorities regarding his eligibility for earlier release from prison. However, as discussed below and as respondent has argued, all of these claims are subject to dismissal.

### A. To The Extent Petitioner Challenges Kentucky Criminal Or Parole Proceedings In Ground One, The Claims Should Be Dismissed Without Prejudice To Refiling In Kentucky After Petitioner Has Exhausted His Kentucky State Remedies

There are several problems with the petition to the extent that petitioner seeks to challenge his Kentucky criminal conviction or Kentucky parole eligibility proceedings in this action. The only information provided in the petition arguably pertaining to the Kentucky criminal matter is the case number (13-CR-00339) and that petitioner was convicted for "possession of steroids" and placed on "probation." (*See* Doc. 1, at PAGEID#: 1, 13). Petitioner has not alleged that parole eligibility proceedings were or could even be held in Kentucky given that he is not incarcerated there and apparently was sentenced to a term of probation in that matter. Moreover, he has not alleged any facts even remotely suggesting that a detainer was lodged by Kentucky while he has been incarcerated in Ohio. In responding to the petition, the respondent Warden of PCI only provided information in Ohio's possession pertaining to the Warren County criminal case that resulted in petitioner's confinement at PCI. (*See* Doc. 8). Based on the present record, the Court is unable to ascertain whether petitioner has exhausted

any claims arising from the Kentucky criminal case or any other proceeding held in Kentucky in the Kentucky state courts.

The Southern District of Ohio has jurisdiction to consider habeas corpus claims challenging the other state's proceedings to the extent that petitioner has been confined in a prison located in the Eastern Division of Ohio's southern federal judicial district. *See Patrick v. Keohane*, No. 87-5032, 1987 WL 38404, at *1 (6th Cir. Aug. 11, 1987) (citing *Byrd v. Martin*, 754 F.2d 963, 965 (6th Cir. 1985) (per curiam)) (pointing out that federal habeas jurisdiction exists concurrently in both the district of the petitioner's confinement and the district where the challenged conviction occurred); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 498-500 & n.15 (1973).[4] Nevertheless, as a matter of venue, the proper and most convenient forum for the adjudication of any claims challenging petitioner's Kentucky conviction or Kentucky parole proceedings is in Kentucky, "where all the material events took place" and "the records and witnesses pertinent to petitioner's claims are likely to be found." *See Braden*, 410 U.S. at 493-94; *see also Byrd*, 754 F.2d at 965; *Patrick, supra*, 1987 WL 38404, at *1. *Cf. Weatherford v. Gluch*, 708 F. Supp. 818, 819-21 (E.D. Mich. 1988) (transferring a habeas petition filed in the district where petitioner was confined to the district court located in another state where the conviction occurred because it was "the court of most convenient venue").

As a general rule, a habeas petition attacking a conviction or proceedings held in another state should be transferred to the proper court as opposed to dismissed on venue grounds. *See, e.g., Braden*, 410 U.S. at 499 n.15; *Byrd*, 754 F.2d at 965. However, in this case, given the

---

[4] It is noted that although it appears no jurisdictional issue is triggered by the filing of the petition in the Southern District of Ohio, petitioner failed to comply with venue requirements by filing the petition in the Western Division of this Court. Under Local Rule 82.1, which governs the venue of actions within this District, the petition should have been filed in the Eastern Division of this Court, where PCI is located.

7

vague and conclusory nature of petitioner's allegations, which are asserted along with a myriad of other vague claims arguably challenging petitioner's Ohio prison sentence and the conditions of his confinement at PCI, such claims should be dismissed without prejudice to resubmitting them in a separate petition filed with the appropriate Kentucky district court after petitioner has exhausted his Kentucky state-court remedies. *Cf. Parette v. Lockhart*, 927 F.2d 366, 366-67 (8th Cir. 1991) (per curiam) (affirming the dismissal of a habeas petition filed in the district of confinement on the ground that the petitioner had failed to exhaust his claim challenging the validity of a detainer lodged by another state in that other state's state courts).

> **B. Any Claims In Ground One Challenging The Trial Court's Decision In The Warren County Criminal Case To Revoke Community Control And Impose A 1-Year Prison Sentence Should Be Dismissed Without Prejudice On Exhaustion Grounds**

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme

Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

This case does not involve a "mixed" petition containing both exhausted and unexhausted claims to the extent that petitioner alleges in Ground One that the Warren County Court of Common Pleas erred when it decided in November 2013 to revoke his community control sentence and impose a 1-year prison term for violating the conditions of community control. Petitioner has not exhausted any such claim because he did not pursue appellate review of the trial court's decision. Therefore, the Ohio courts, including the state's highest court, were not provided with a "full opportunity to resolve any constitutional issues" now possibly asserted as a ground for granting federal habeas relief in the instant action. *See O'Sullivan,* 526 U.S. at 842.

Because petitioner failed to satisfy the fair presentation requirement with respect to any claim challenging his 1-year prison sentence in the Warren County criminal case, this Court may require petitioner to return to the state courts to exhaust such a claim as long as an avenue of

9

relief still remains open to him there. Here, as respondent has pointed out, it appears that the remedy of a delayed appeal to the Ohio Court of Appeals remains available for petitioner to pursue to the extent that he seeks to present a claim that is based on the trial-court record. *See* Ohio R. App. P. 5(A); *see also McKinney v. McMackin*, No. 91-3697, 1992 WL 150370, at *2 (6th Cir. July 1, 1992); *Mimms v. Russell*, No. 1:08cv79, 2009 WL 890509, at *3 (S.D. Ohio Mar. 31, 2009) (Hogan, M.J.; Barrett, J.). In addition, the remedy of state post-conviction relief may still be available for petitioner to pursue any claim that is based on evidence outside the trial-court record. Although Ohio Rev. Code § 2953.21(A)(2) sets a time limit for filing post-conviction petitions which has expired by this late juncture, Ohio Rev. Code § 2953.23 provides that the court can entertain an untimely post-conviction petition if the petitioner is able to satisfy certain prerequisites—*i.e.*, by showing that he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," *and* by showing "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." *Cf. Godbolt v. Russell*, 82 F. App'x 447, 449-50 (6th Cir. 2003) (in affirming the district court's decision to dismiss a habeas petition on exhaustion grounds, the Sixth Circuit stated: "No matter how unlikely it seems that [the state post-conviction] petition will fall within the narrow exception contained in [Ohio Rev. Code § 2953.23], it is for the state courts to interpret and enforce their laws on such issues."); *see also Harris v. Warden, Madison Corr. Inst.*, No. 1:11cv414, 2012 WL 1552757, at *4-5 (S.D. Ohio Apr. 30, 2012) (Litkovitz, M.J.) (Report & Recommendation) (involving the arguably available remedy of a successive post-conviction petition), *adopted*, 2012 WL 1902435 (S.D. Ohio May 25, 2012) (Barrett, J.).

Because it thus appears that there are available avenues of relief in the state courts for

petitioner to exhaust claims challenging the trial court's decision in November 2013 to revoke his community control sentence and to impose a 1-year prison term in the Warren County criminal case, the Court must next address whether such claims should be dismissed without prejudice to renewal upon petitioner's exhaustion of his state remedies, or whether the instant proceedings should be stayed and held in abeyance while petitioner exhausts his claims in the state courts. *Cf. Bridgeman v. Warden, Ohio State Penitentiary,* No. 3:12cv54, 2012 WL 5877527, at *4 (S.D. Ohio Nov. 20, 2012) (Ovington, M.J.) (Report & Recommendation), *adopted*, 2012 WL 6616352 (S.D. Ohio Dec. 19, 2012) (Rice, J.).

The stay-and-abeyance approach was first recognized by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), as a means of ensuring that the "the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement" for "mixed" petitions, will not preclude habeas review of claims raised in a "timely but mixed petition in federal district court" that would be time-barred if the petitioner were required to file a new action after exhausting his state court remedies. *See Rhines*, 544 U.S. at 274-75. The procedure applies only in "limited circumstances." *Id.* at 277.

Some courts, including lower courts within the Sixth Circuit, have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, such as this, containing only unexhausted claims. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Hust v. Costello*, 329 F. Supp.2d 377, 380 (E.D.N.Y. 2004) (and cases cited therein); *Robinson v. Gidley*, No. 2:15cv10572, 2015 WL 1120118, at *2 (E.D. Mich. Mar. 11, 2015) (and numerous cases cited therein); *Taylor v. Kelly*, No. 1:13cv2577, 2014 WL 4436595, at *1, *9 (N.D. Ohio Sept. 9, 2014) (and numerous cases cited therein); *Secessions v. Warden, Lebanon Corr. Inst.*, No. 5:13cv195, 2014 WL 2919186, at *1, *5 (N.D. Ohio June 27, 2014); *Gatlin v. Clipper*, No.

11

5:13cv2434, 2014 WL 2743208, at *2, *5 (N.D. Ohio June 17, 2014) (and cases cited therein); *Warren v. Warren*, No. 2:13cv11234, 2013 WL 1875948, at *2 (E.D. Mich. May 3, 2013); *Sidibeh v. Buchanan*, No. 2:12cv558, 2012 WL 6568231, at *8 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (Report & Recommendation), *adopted*, 2013 WL 80362 (S.D. Ohio Jan. 27, 2013) (Graham, J.); *Mimms, supra*, 2009 WL 890509, at *3.  But cf. *Doe v. Jones,* 762 F.3d 1174, 1176-81 (10th Cir. 2014) (holding that the district court had "discretion to consider a *Rhines* stay even though petitioner filed an unmixed petition" in a case where the petitioner had "little chance of exhausting [his] claims in state court and returning to federal court before the limitations period" expired), *cert. denied*, 135 S.Ct. 1424 (2015); *Heleva v. Brooks*, 581 F.3d 187, 191-92 (3d Cir. 2009) (holding that the district court erred in ruling that "*Rhines* confines the availability of stay-and-abeyance solely to mixed petitions" given that in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), which was decided one month after *Rhines*, the Supreme Court "sanctioned the use of stay-and-abeyance in a context outside that of mixed petitions" in a case involving the petitioner's "reasonable confusion about state filing requirements"); *Hyman v. Keller*, No. 10-6652, 2011 WL 3489092, at *10-11 (4th Cir. Aug. 10, 2011) (same);  *Dolis v. Chambers*, 454 F.3d 721, 724-25 (7th Cir. 2006) (vacating the dismissal of a habeas petition containing only unexhausted claims and remanding with instructions to consider whether a stay was warranted in case where any future habeas petition would be time-barred).  Courts that have held a stay is inappropriate for petitions containing only unexhausted claims have reasoned that (1) the district court lacks jurisdiction over the petition while the petitioner pursues his claims in state court in the absence of "exhausted claims that could stay the petition;" and (2) "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, federal courts would be turned into a jurisdictional parking lot for

12

unexhausted claims." *Hust*, 329 F. Supp.2d at 380 (internal citation and quotation marks omitted); *Warren, supra*, 2013 WL 1875948, at *2; *see also United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) (denying certificate of appealability in case where the petition containing only unexhausted claims was dismissed rather than stayed). However, because there appears to be a conflict among the circuit courts and it does not appear that the Sixth Circuit has weighed in on the issue, the undersigned declines to base the decision whether to dismiss or stay this action on that ground.

In *Rhines*, the Supreme Court held that the district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible" with the AEDPA's "twin purposes" of encouraging the finality of state court judgments and the petitioner's exhaustion of all claims in state court before seeking federal habeas relief. *See Rhines*, 544 U.S. at 276-77. The Court continued:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 277. A stay is also not warranted "if a petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 278. It would likely be an abuse of discretion to deny a stay and dismiss the petition only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

In this case, it would be inappropriate to issue a stay rather than dismiss the case without prejudice. First, although petitioner's counsel filed a motion for reconsideration on November 27, 2013, the date the trial court entered its decision imposing the 1-year prison sentence,

13

petitioner took no action after that to challenge the trial court's ruling until nearly eight months later on July 21, 2014, when petitioner claims he placed the instant petition "in the prison mailing system" for filing with this Court. (*See* Doc. 1, at PAGEID#: 15). At that point, only four months of petitioner's 1-year prison term remained to be served. Petitioner has suggested that his failure to pursue any relief in the state courts is due to the lack of legal resources or law clerks at PCI to assist him in preparing and filing an appeal or petition for post-conviction relief. However, that conclusory assertion, standing alone, is insufficient to show "good cause" exists for his failure to do anything in the eight-month period between his sentence and the filing of the instant action. In any event, upon review of the petition in light of the record submitted by respondent, the undersigned has no concerns that petitioner may have a "potentially meritorious" claim, particularly given that he pleaded guilty to the community control violation charges and was explicitly warned at the time he was originally sentenced to the 3-year community control term that a "[v]iolation of this sentence" may result in the imposition of a "prison term of 12 months." (*See* Doc. 8, Exs. 3, 5) (emphasis in original).

Accordingly, in sum, after weighing the *Rhines* factors, the undersigned concludes that any claim by petitioner challenging the revocation of community control and the imposition of the 1-year prison sentence in the Warren County criminal case should be dismissed without prejudice, rather than stayed, on the ground that petitioner has failed to exhaust the available remedy of a delayed appeal to the Ohio Court of Appeals, as well as the possibly available state court remedy of a petition for post-conviction relief.

    **C. To The Extent Petitioner Alleges In The Petition That He Has Been Denied Review For Parole Eligibility Or Early Release On Parole, He Has Not Stated A Cognizable Claim Subject To Review In This Federal Habeas Corpus Proceeding**

As respondent has argued in the motion to dismiss (*see* Doc. 9, pp. 8-10, at PAGEID#:

61-63), to the extent that petitioner asserts as a ground for relief in the petition that he has been denied review for eligibility to participate in early release from his 1-year prison sentence, he has not stated a cognizable claim for relief in this federal habeas action.

This Court only has jurisdiction under the federal habeas statute to consider claims alleging a violation of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on a perceived error of state law fall outside the scope of the Court's review and, therefore, do not constitute cognizable grounds for federal habeas relief. *See id.*; *see also Wilson v. Corcoran,* 562 U.S. 1, 5-6 (2010) (per curiam) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("[I]t is not the province of a federal court to reexamine state-court determinations on state-law questions."); *Pulley v. Harris,* 465 U.S. 37, 41 (1984).

The Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). A state may establish a parole system, but "has no duty to do so." *Id.* When a parole system has been established by a state, whether or not a constitutionally-protected "liberty interest in release" has been created "is entirely dependent on state law." *Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth.,* 492 F. App'x 567, 569 (6th Cir. 2012) (citing *Greenholtz,* 442 U.S. at 12).

It is well-settled that prisoners do not have a protected liberty interest in parole release or eligibility review under the discretionary parole system established in Ohio. *Id.* at 570 (citing *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007); *Jago v. Van Curen*, 454 U.S. 14, 20 (1981)); *see also Kinney v. Mohr*, No. 2:13cv1229, 2015 WL 1197812, at *3 (S.D. Ohio Mar. 16, 2015) (Marbley, J.) (and cases cited therein) ("Since Ohio has a discretionary parole system, there is no attendant due process right in the grant of parole, and the state's statutory and regulatory

15

guidelines for parole, without more, do not change this calculus."). Courts have disagreed as to whether "totally arbitrary parole decisions . . . in the absence of an identifiable liberty interest in parole release" can amount to a substantive due-process violation. *Compare Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008) (per curiam) (pointing out that the Sixth Circuit has not adopted the reasoning of Third and Eighth Circuit decisions suggesting or holding that due process concerns are implicated in that circumstance; and citing conflicting decisions by the D.C., Fifth and Tenth Circuits); *Pettigrew v. Zavaras*, 574 F. App'x 801, 812-13 (10th Cir. 2014) (and cases cited therein) (stating that "[i]n light of the prevailing unfavorable view of [the Third Circuit's ruling in *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980), that the denial of parole may give rise to a substantive due-process claim even in the absence of a liberty interest in parole], and in the absence of any cogent arguments from [the petitioner], we are disinclined to adopt *Block*'s substantive due-process reasoning here") *with Jergens*, 492 F. App'x at 571 n.5 (noting that neither the Sixth Circuit's decision in *Bell* "nor any binding circuit precedent . . . forecloses the possibility that, in an appropriate case, a parole board's reliance on unconstitutional factors—or even on false information in the parole file—could constitute a due-process violation"); *Kinney, supra*, 2015 WL 1197812, at *4 (denying the defendants' motion to dismiss an Ohio prisoner's civil rights complaint, which alleged that the Ohio correctional officials "knowingly sent false and biased information to the [state] legislature in a report explaining why [the prisoner] was not suitable for parole review").

Even assuming, without deciding, that the petitioner can bring a due process claim based on allegations of a wholly arbitrary decision by state authorities regarding his parole eligibility, he has not alleged any facts even remotely suggesting that substantive due-process concerns are triggered in this case. Petitioner has only generally asserted in Ground One that he has been

16

"prejudiced" by the denial of review regarding his "[e]ligibility to participate in release." (Doc. 1, at PAGEID#: 5). The conclusory allegation is simply insufficient to trigger any possible constitutional concerns and thus does not constitute a cognizable ground for federal habeas corpus relief. The claim should be dismissed with prejudice.[5]

### D. To The Extent That Petitioner Challenges The Conditions Of His Confinement At PCI In Grounds Two Through Four Of The Petition, He Has Not Stated A Cognizable Claim For Federal Habeas Relief

In Grounds Two through Four of the petition, petitioner has alleged that he has been denied "access to the courts" due to lack of adequate legal resources or "law clerks" at PCI to assist him in appealing and seeking other relief from his state convictions and sentences or in obtaining parole eligibility review. (*See* Doc. 1, at PAGEID#: 7-11). In Ground Four, petitioner has also made general references to "dangerous overcrowding" and the denial of "programs" at PCI, as well as to his classification level within the prison. (*Id.*, at PAGEID#: 13). These allegations essentially challenging the conditions of petitioner's confinement at PCI do "not in any way implicate the validity of [petitioner's] conviction or duration of his state-court sentence" and thus do not give rise to a cognizable claim that may be remedied in this federal habeas proceeding. *See, e.g., Hodges v. Bell*, 170 F. App'x 389, 392-95 & n.2 (6th Cir. 2006) (and cases cited therein); *see also Oaks v. Ohio*, No. 2:14cv1834, 2014 WL 5343434, at *4 (S.D. Ohio Oct. 20, 2014) (Kemp, M.J.) (Report & Recommendation), *adopted*, 2014 WL 6473492 (S.D. Ohio Nov. 18, 2014) (Graham, J.); *Brown v. Voorhies*, No. 2:07cv14, 2009 WL 187830, at *21 (S.D. Ohio Jan. 26, 2009) (Sargus, J.) (and cases cited therein). Therefore, the claims should be dismissed with prejudice.[6]

---

[5] It is noted that at this juncture, the ground for relief may also be moot given that petitioner's Ohio prison sentence was due to expire in November 2014.

[6] It is further noted that to the extent that petitioner may no longer be incarcerated at PCI, his request for

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 9) be **GRANTED** and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED**. The dismissal should be without prejudice with respect to any claims by petitioner challenging his Kentucky conviction or his conviction and sentence in the Warren County criminal case. However, the dismissal should be with prejudice to the extent that petitioner alleges he has been denied parole eligibility review and challenges the conditions of his confinement at PCI.

2. A certificate of appealability should not issue with respect to any of the claims that are arguably asserted by petitioner as grounds for habeas corpus relief in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

                                                                  s/Stephanie K. Bowman
                                                                  Stephanie K. Bowman
                                                                  United States Magistrate Judge

---

habeas relief from the conditions of his confinement at that prison may be moot. *See supra* n.5.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BRETT PETERSON,  
    Petitioner

vs

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
    Respondent

Case No. 1:14-cv-604

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc